IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| RUSSEL EDOUARD STILLWATER ROBINSON, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| DHS CBP OFFICER AUGUSTO REYES, V.I. CONSORTIUM EDITOR ERNICE GILBERT, V.I. DAILY NEWS EDITOR ARCHIE NAHIGIAN, et als., Known and Unknown, | ) ) ) ) ) |
| Defendants. | ) ) |

Case No. 3:22-cv-0069

## ORDER

**BEFORE THE COURT** is Defendant United States' Motion to Dismiss, filed on November 22, 2022. (ECF No. 9.) Plaintiff filed an opposition on the same day. (ECF No. 11.) The United States, thereafter, filed a reply on November 29, 2022. (ECF No. 17.) For the following reasons, the Court will grant the motion.

### I. BACKGROUND

This action, which commenced on October 17, 2022, in the Superior Court of the Virgin Islands Division of St. Thomas and St. John, was removed to this Court on November 10, 2022, by Defendant United States of America pursuant to 28 U.S.C. § 2679(d)(2).

In his complaint, Plaintiff alleges that he was arrested, criminally charged, and released to home confinement, after which Department of Homeland Security, Customs and Border Protection, Caribbean Air and Marine Branch Operations director Augusto Reyes ("Reyes") seized without probable cause Plaintiff's corporate-registered aircraft and issued a "slanderous and libelous DHS CBP Press Release" designed to obstruct due process in Plaintiff's criminal case. Compl. ¶¶ 1-4. Plaintiff learned about the press release by reading a news alert from The Virgin Islands Consortium. *Id.* at ¶ 5. Plaintiff emailed The Virgin Islands Daily News informing that the press release was fabricated and offering his contact to permit

an interview to correct the facts but received no response. *Id*. at ¶¶ 6-7. Thereafter, The Virgin Islands Daily News published an article styled "Accused Cocaine Trafficker disputes feds account on seizure of his plane" and included the press release. *Id*. at ¶ 8-9.

Based on a reading of the complaint, it appears that Plaintiff is suing Reyes for libel and slander. *Id.* at ¶ 16. Plaintiff also purports to assert a claim against Defendant Ernice Gilbert, the editor of the Virgin Islands Consortium, and Defendant Archie Nahigian, the editor for the Virgin Islands Daily News, for civil conspiracy in publishing the statements made by Reyes. *Id.* at ¶ 17-18.

On November 10, 2022, the United States Attorney for the District of the Virgin Islands certified, pursuant to 28 C.F.R. § 15.4, that Reyes was acting within the scope of his employment with the CBP at the time of the alleged incident that gave rise to the complaint. The United States, subsequently, removed this matter from the Superior Court to this Court and filed a Notice of Substitution substituting the United States for Reyes. (ECF No. 2.)

The United States filed the instant motion seeking to dismiss any and all claims filed against it arguing that the Court lacks subject matter jurisdiction.

## II. LEGAL STANDARD

A party may assert by a motion a defense of "lack of subject matter jurisdiction." Fed. R. Civ. P. 12(b)(1). In a facial challenge to subject matter jurisdiction, "the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff," while in a factual challenge, "the court may consider evidence outside the pleadings." *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). At all times, the plaintiff bears the burden of proving subject matter jurisdiction exists. *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991).

## III. DISCUSSION

Here, the United States makes a factual challenge to subject matter jurisdiction asserting that Plaintiff failed to exhaust administrative remedies pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2675(a), and argues that the libel exception to the FTCA, 28 U.S.C. § 2680(h), bars Plaintiff's claims. Plaintiff argues that this action was improperly removed because he alleged slander and libel claims against Reyes in his individual capacity.

The United States replies that the case was properly removed based on the U.S. Attorney for the District of the Virgin Islands' certification that Reyes was acting with the scope of his employment at the time of the alleged conduct. The Government is correct.

Under section 2679(d) of title 28 of the United States Code, if the Attorney General[1] issues a "scope of certification" – a certification that the defendant employee was acting within the scope of his office or employment at the time the incident out of which the claim arose, the civil action or proceeding "shall be deemed an action against the United States under the provisions of [the FTCA] . . . and the United States shall be substituted as the party defendant." *See* 28 U.S.C. § 2679(1)-(2). Here, the certification by United States Attorney Delia Smith that Reyes was acting with the scope of employment satisfies the requirements of section 2679. Thus, the United States is properly substituted as a defendant in this matter and this case was properly removed to this Court.

With regards to the United States' liability under the FTCA, the FTCA provides that "[t]he United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages." 28 U.S.C. § 2674. However, an action under the FTCA cannot be instituted "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing." 28 U.S.C.A. § 2675(a). FTCA exhaustion "requirement is jurisdictional and cannot be waived." *Shelton v. Bledsoe*, 775 F.3d 554, 569 (3d Cir. 2015).

A certification by U.S. Customs and Border Protection Air and Marine Operations, Sothern Region, Executive Director, dated November 7, 2022, and submitted in support of the Government's motion, states that no claim has been received from Plaintiff alleging libel or slander related to the press release at issue. Accordingly, the Court finds that it lacks subject matter jurisdiction over Plaintiff's claims against the Government because Plaintiff failed to exhaust administrative remedies under the FTCA. Furthermore, any such claim for

---

[1] The Attorney General of the United States has delegated the authority to issue a "Scope certification" to the United States Attorneys, who make scope determinations in consultation with the Department of Justice. See C.F.R. § 15.3(a).

*Robinson v. United States*
Case No. 3:22-cv-0069
Order
Page **4** of **4**

libel or slander is explicitly barred under the FTCA. *See* 28 U.S.C. § 2680(h). Thus, even if a claim for libel or slander was filed with the appropriate federal agency, such a claim is not viable under the FTCA.

The basis for this Court's jurisdiction rested with the United States being a party to this case. Because this Court lacks subject matter jurisdiction over the remaining claims, the Court will remand this case to the Superior Court. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction [over a case that was removed], the case shall be remanded.") Accordingly, it is hereby

**ORDERED** that the Government's motion to dismiss for lack of subject matter jurisdiction, ECF No.9, is **GRANTED**; it is further

**ORDERED** that all claims filed in this matter against the United States are **DISMISSED;** it is further

**ORDERED** that all remaining claims are **REMANDED** to the Superior Court of the Virgin Islands; it is further

**ORDERED** that the Clerk of Court **SHALL** mail a certified copy of this Order to the clerk of the Superior Court of the Virgin Islands Division of St. Thomas and St. John, pursuant to 28 U.S.C. § 1447(c); and it is further

**ORDERED** that all pending motions in this matter **SHALL** be **ADMINISTRATIVELY DISMISSED;** it is further

**ORDERED** that the Clerk's Office shall **CLOSE** this case.

**Dated:** April 20, 2023         /s/ *Robert A. Molloy*
                                  **ROBERT A. MOLLOY**
                                  **Chief Judge**